IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ANDREW AND LAURENE KNOLL,**

    Plaintiffs,

v.

**PRESTON A. PRATT,**

    Defendant.

Case No. 20-2197-DDC-TJJ

## MEMORANDUM AND ORDER

This matter is before the court on Magistrate Judge Teresa J. James's Order to Show Cause (Doc. 9). For reasons explained below, the court dismisses plaintiffs' case for lack of subject matter jurisdiction.

### I.  Background

On April 13, 2020, pro se plaintiffs Andrew and Laurene Knoll filed their Complaint against Preston A. Pratt, Chief Judge of the Graham County, Kansas District Court. Doc. 1. The Complaint includes 147 pages of exhibits. *See* Docs. 1-1–1-19. The Complaint asserts Federal Rule of Civil Procedure "60(b)(3)(4)" provides the basis for this court's subject matter jurisdiction. *Id.* at 3. As best as the court can discern, the Complaint appears to seek "mandatory dismissal" of a foreclosure action filed in Kansas state court for several reasons. *Id.* at 3. Plaintiffs contend the Graham County District Court lacked jurisdiction and the plaintiff bank in the foreclosure action didn't have standing to bring the foreclosure action. *Id.*

Plaintiffs also filed an Amended Motion for Leave to Proceed in forma pauperis. Doc. 6. Judge James granted plaintiffs' motion. Doc. 9 at 1. But Judge James also ordered plaintiffs to show good cause by May 22, 2020, why the court should not dismiss their Complaint for lack of

subject matter jurisdiction or failure to state a claim upon which relief may be granted. *Id.* at 4–5. Judge James noted that plaintiffs failed to articulate "a basis for federal court jurisdiction over their claim," and, in any event, the court "lacks subject matter jurisdiction over [p]laintiffs' claims under the *Rooker-Feldman* doctrine." *Id.* at 3. On May 22, 2020, plaintiffs filed a "Motion to Extend Time to File Written Answer," requesting 10 more days to respond to Judge James's Show Cause Order. Doc. 10 at 1. The court extended plaintiffs' deadline to June 1, 2020. Doc. 11. But they didn't file a timely response. Indeed, to date, plaintiffs never have responded to Judge James's Show Cause Order.

## II.     Legal Standard

When a party is granted leave to proceed in forma pauperis, 28 U.S.C. § 1915(e)(2) requires the court to screen the party's complaint. While § 1915 refers to suits brought by prisoners, the Tenth Circuit has held that "'[s]ection 1915(a) applies to all persons applying for [in forma pauperis] status, and not just to prisoners.'" *Salgado-Toribio v. Holder*, 713 F.3d 1267, 1270 (10th Cir. 2013) (quoting *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005)). The court is fully mindful that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But a pro se litigant is not relieved from following the same procedural rules as any other litigant. *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Likewise, the court may not act as an advocate for the litigant. *Hall*, 935 F.2d at 1110. When screening the Complaint, the court determines whether it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1).

Notwithstanding the screening requirements, the court owes an independent obligation to satisfy itself that subject matter jurisdiction is proper. *Henderson ex rel. Henderson v. Shinseki*,

562 U.S. 428, 434 (2011). "Federal courts are courts of limited jurisdiction and, as such, must have a statutory basis to exercise jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (citation omitted). Two federal statutes confer subject matter jurisdiction on federal district courts: federal question jurisdiction under 28 U.S.C. § 1331, and diversity jurisdiction under 28 U.S.C. § 1332. Under federal question jurisdiction, a plaintiff must assert a "civil action[] arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To invoke diversity jurisdiction, a plaintiff must show the amount in controversy exceeds $75,000, and that complete diversity of citizenship exists between plaintiffs and all defendants. 28 U.S.C. § 1332(a).

"A court lacking jurisdiction cannot render judgment but must dismiss the cause at any state of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (citation omitted). The party invoking federal jurisdiction bears the burden to prove it exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted).

**III.   Analysis**

In her Show Cause Order, Judge James noted plaintiffs did not allege a valid basis for the court's subject matter jurisdiction. Doc. 9 at 3. She notes, "[p]laintiffs assert Rule 60(b)(3) and (4) of the Federal Rules of Civil Procedure provides a basis for federal court jurisdiction over their claim. It does not." *Id.* Instead, "Rule 60(b) . . . applies only to final judgments, orders, or proceedings that occurred in federal court cases." *Id.* The court agrees.

Plaintiffs never responded to Judge James's Show Cause Order to explain how the court has subject matter jurisdiction over their case—under Rule 60(b) or otherwise. And thus, they have failed to shoulder their burden to show that the court has jurisdiction. Independent of

plaintiffs' failure to identify a basis for jurisdiction, the court also concludes it lacks subject matter jurisdiction.

*First*, the Complaint's allegations do not invoke federal question jurisdiction. Although the Complaint asserts that Rule 60(b) gives the court jurisdiction, plaintiffs are incorrect. Rule 60(b) is a Federal Rule of Civil Procedure. It applies only to actions already heard and decided by the federal court. It does not confer jurisdiction on the federal courts to review results in state court cases. Plaintiffs do not cite any federal statute in their Complaint. So, the court lacks federal question jurisdiction.

*Second*, the allegations in the Complaint are insufficient to invoke diversity jurisdiction. Plaintiffs never allege anything about defendant's citizenship. Nor do they contend their damages exceed $75,000. Doc. 1 at 4 (plaintiffs claim no actual damages "at present, but subject to change"). The Complaint thus alleges insufficient facts to invoke the court's diversity jurisdiction.

The court thus dismisses plaintiffs' Complaint for lack of subject matter jurisdiction.[1]

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs' case is dismissed for lack of subject matter jurisdiction. This Clerk is directed to terminate this action.

**IT IS SO ORDERED**.

**Dated this 11th day of June, 2020, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**

---

[1] Judge James's Show Cause Order also provided helpful analysis on why the *Rooker-Feldman* and *Younger* abstention doctrines bar plaintiffs' claims also. Doc. 9 at 3–4. The court finds this analysis persuasive. But, as plaintiffs never responded to the Show Cause Order, the court need not reach this issue because it already has concluded it lacks subject matter jurisdiction. *Basso*, 495 F.2d at 909 ("A court lacking jurisdiction . . . must dismiss the cause at any state of the proceedings in which it becomes apparent that jurisdiction is lacking.").